

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2007

# Salley v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2046

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Salley v. Beard" (2007). *2007 Decisions*. Paper 552.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/552

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2046
_____

ALFONZO B. SALLEY,

Appellant

v.

JEFFREY A BEARD; WILLIAM STICKMAN, Deputy Secretary; JOHN
MCCULLOUGH, Deputy Secretary; KATHERINE MCVEY, Deputy Secretary;
CLIFFORD O'HARA, Director; MICHAEL P. WOLANIN, Director; MECHLING,
Superintendent; DR. GINCHEREAU; DR. SKY; CAPTAIN CHARLES SIMPSON;
REBECCA KESSLER, Unit Manager; JOHN DOE, Guard; JOHN DOE, Guard; JOHN
DOE, Physician Assistance; HARRY WILSON, Superintendent; DOCTOR HBIRTH;
ROBERT TRETINIK, Medical Director; CHRIS MYER, Physician Assistance; LORI
PENA; RICHARD BLANDFORD, Unit Manager; GREGORY MOHRING, Captain;
ROBERT STAFFORD, Lieutenant; GREGORY GIDDENS, Lieutenant; LIEUTENANT
BLAKELY; GARY ABRAM, Sergeant; ROBERT KULP, Sergeant; RICHARD WYZA,
Guard; LEE JOHNSON, Guard; LOUIS S. FOLINO, Superintendent; BRIAN V.
COLEMAN, Deputy Superintendent; JEFFREY MARTIN, Major; DOCTOR STANLEY
FALOR; MICHELLE DIGGS, Physician Assistance; ZEIGERLER, Physician
Assistance; CRESS, Physician Assistance; (EARL) JOHN DOE, Nurse; V. SANTOYO,
Lieutenant; MEIGHEN, Lieutenant; YOGUM, Lieutenant; ROBERT FRANKS,
Lieutenant; DURKO, Lieutenant; W. BARKEFELT, Sergeant; WILLIAM SCHAMP,
Sergeant; MINARDO, Sergeant; D. LEMASTER, Sergeant; J. MATTHREW, Sergeant;
T. WELCHER, Guard; KOSVALCHUK, Guard; ALLEN R. LYNCH, Guard; WILLIAM
HENRY, Guard; H. STEPHENS, Guard; J. MORRIS, Guard; P. GRAVES, Guard; E.
BOWLIN, Guard; OVER, Guard; WORSTAL, Guard; J. SMITH, Guard; J.H. PETER,
Guard; M. EITNER; DAVID L. GRAINEY, Captain; ARMSTRONG, Sergeant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00538)
District Judge: Honorable Gary L. Lancaster
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2007

Before: MCKEE, FUENTES AND VANANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed : August 22, 2007)
_____

OPINION
_____

PER CURIAM

Alfonzo B. Salley, a prisoner at SCI-Mahanoy in Frackville, Pennsylvania,

proceeding <u>pro</u> <u>se</u>, appeals the <u>sua</u> <u>sponte</u> dismissal of his complaint by the United States

District Court for the Western District of Pennsylvania. Because the appeal does not

present a substantial question, we will summarily affirm the judgment of the District

Court.

In April 2006, Salley filed a complaint naming sixty-one defendants and asserting

numerous civil rights claims arising from events that occurred at various state prisons

between 1997 and 2006. Salley filed several additional documents with his complaint,

including a motion for preliminary injunction. On May 26, 2006, the Magistrate Judge

assigned to the case issued an order directing Salley to file an amended complaint that

complies with the joinder requirements of FED. R. CIV. P. 20. Salley failed to file an

amended complaint by the deadline stated in the Magistrate Judge's order. Accordingly,

on July 24, 2006, the Magistrate Judge issued a Report and Recommendation ("R&R")

advising the District Court to dismiss Salley's complaint for failure to prosecute. The

District Court adopted the R&R in an order entered August 18, 2006. On September 14, 2006, Salley filed an appeal of the R&R, which the District Court construed as a motion for reconsideration of the August 18 order. In that document, Salley claimed that he was unable to file an amended complaint due to interference by prison officials. On November 15, 2006, the District Court issued an order granting the motion and directing Salley to file an amended complaint by December 22, 2006. Once again, Salley failed to submit an amended complaint by the stated deadline. On March 7, 2007, he filed a petition for extension of time to file objections to various interlocutory orders issued by the Magistrate Judge. On March 11, 2007, the District Court issued an order dismissing Salley's complaint for failure to obey court orders, and dismissing the petition for extension of time as moot. Salley now appeals that order.

We have jurisdiction under 28 U.S.C. § 1291, and review the District Court's decision for abuse of discretion. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). A district court may dismiss an action sua sponte as a sanction for failure to abide by court orders. See id. Prior to determining that dismissal is an appropriate sanction, a district court must balance the following six factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The scope of our review of a district court's punitive dismissal of a case is very narrow,

see Mindek, 964 F.2d at 1373-74, and our role is limited to determining whether "the court properly balanced the Poulis factors and whether the record supports its findings," Livera v. First Nat. State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989).

Although the District Court did not conduct its own Poulis analysis in the memorandum accompanying its March 11 order, it expressly adopted the Magistrate Judge's consideration of the six Poulis factors as stated in her R&R of July 24, 2006. In the R&R, the Magistrate Judge found that four of the six factors weighed in favor of dismissing the action for failure to comply with the May 26, 2006 order directing the filing of an amended of complaint; namely, that Salley was personally responsible for his noncompliance with that order, that his actions appeared willful and dilatory, and that monetary sanctions were not appropriate considering Salley brought the suit in forma pauperis. The District Court determined that these findings were also apposite to Salley's failure to act pursuant to the November 15, 2006 order granting him a second opportunity to amend his complaint. The District Court further supported its decision to dismiss by citing to a statement in one of Salley's earlier filings in which he maintained that his complaint did not violate FED. R. CIV. P. 20. The District Court considered that statement as evidence that Salley did not intend to file an amended complaint.

At the time the District Court dismissed the action on March 11, Salley had not given any explanation as to why he failed to comply with the November 15 order. However, in his Notice of Appeal of the District Court's decision, Salley includes a lengthy statement in which he attempts to disclaim responsibility for not filing an amended complaint prior to the deadline set by the District Court in the November 15

order. Salley appears to argue that he could not have filed a timely amended complaint because the order was sent to his old address at SCI-Greene, rather than to SCI-Mahanoy, which is where he has resided since October 2006. Salley claims that he was transferred from SCI-Greene to SCI-Forest on August 3, 2006, then to SCI-Smithfield on September 19, 2006, and then to SCI-Mahanoy on October 3, 2006. He also claims that he sent letters informing the District Court Clerk's Office of these changes of address, but the docket was never updated.

In light of the record, we conclude that Salley's argument on appeal is insufficient to support the conclusion that the District Court abused its discretion. Although Salley refers to a general two-to-three-week delay in receiving mail forwarded from SCI-Greene, he does not indicate when he received the District Court's November 15 order. Nor does he explain why he failed to bring this matter to the attention of the District Court before it dismissed the action on March 11, 2007. Notably, Salley did not mention the mail-forwarding issue in the motion for extension of time that he filed in the District Court on March 7, 2007. Nor did he attempt to seek relief in the District Court by filing a post-judgment motion pursuant to FED. R. CIV. P. 60(b). We further note that the numerous other allegations raised in the Notice of Appeal are irrelevant to the issue of Salley's noncompliance with the November 15 order and therefore do not constitute grounds for vacating the District Court's order of dismissal.

For the foregoing reasons, we conclude that the District Court did not abuse its discretion in dismissing Salley's complaint. Accordingly, we will affirm the judgment of

5

the District Court.